**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:90 CR 4** |
| | ) | |
| **WOODIE SMITH** | ) | |

**OPINION and ORDER**

This matter is before the court on defendant Woodie Smith's request for a "Writ of Error *Coram Nobis*" (DE # 60), filed on October 13, 2009, as supplemented by his "Motion to resubmit and additional caselaw" [sic] (DE # 70), filed January 4, 2010. Consideration of Mr. Smith's petition was on hold because he also filed notice of a direct appeal, divesting this court of jurisdiction. On April 8, 2010, the Court of Appeals dismissed the appeal, however, advising Mr. Smith to complete his action in this court. (DE # 77). In two motions filed on May 24, 2010 (DE # 78; DE # 80), Mr. Smith requests the court to address the merits of his petition, which the court now does.

Mr. Smith was originally sentenced on July 27, 1990, after pleading guilty to one count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d), to a term of 30 months of incarceration, to be followed by a period of 2 years of supervised release. On July 9, 1992, Mr. Smith filed a motion pursuant to 28 U.S.C. § 2255, raising three grounds: denial of his right to a speedy trial, ineffective assistance of counsel, and an *ex post facto*/breach of plea agreement

claim based on an argument that the wrong United States Sentencing Guidelines ("Guidelines") were used to calculate his sentence.

On August 4, 1993, the court, by written order, granted Mr. Smith's motion. Although the court found his speedy trial and ineffective assistance claims meritless, it held that Mr. Smith had been sentenced using the wrong Guidelines in violation of the *ex post facto clause*. The court vacated Mr. Smith's original sentence, imposed a new sentence, *nunc pro tunc*, consisting of a one-year term of probation, and ordered that Mr. Smith be immediately discharged from custody. Despite granting that relief, the court explained why it believed that a fundamental miscarriage of justice had not occurred, because, had Mr. Smith's plea been negotiated, and the court's sentence calculated, using the correct Guidelines, he likely would have been sentenced to the same 30-month term of incarceration he had received and served. Mr. Smith did not take an appeal from the new one-year probationary sentence imposed on August 4, 1993.

The court did not hear from Mr. Smith again until he filed his petition seeking a writ of error *coram nobis* in October, 2009. The writ of *coram nobis* is "an extraordinary tool to correct a legal or factual error, [and] an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." *United States v. Denedo*, – U.S. –, –, 129 S. Ct. 2213, 2222 (2009). The writ is reserved to situations involving: 1) correction of

errors that are so fundamental that the conviction is invalid; 2) circumstances where there are sound reasons for having not sought relief earlier; and 3) instances where the defendant continues to suffer consequences from his conviction, even though he is no longer in custody. *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007). The problem for Mr. Smith, as will be briefly explained, is that he is not complaining of an error that renders his conviction invalid, and, as opposed to having a good reason for not obtaining relief earlier, he has already obtained relief, via his § 2255 motion which was granted in 1993.

In his petition requesting issuance of a writ of error *coram nobis*, Mr. Smith does not argue that he is factually innocent of his offense of conviction in 1990. Instead, he returns to the issue of the 30-month sentence originally imposed on July 27, 1990—a sentence which has already been vacated as the result of his § 2255 proceeding. Mr. Smith argues that because he served a sentence that was illegal—30 months, instead of a one-year term of probation—and he completed that sentence long ago, the only appropriate remedy is to grant him a writ of *coram nobis* vacating his *conviction*. That conclusion simply does not follow from the circumstances.

As was explained in the order of August 4, 1993, granting his § 2255 motion, rather than vacating his *conviction*, putting Mr. Smith back at square one and exposing him to prosecution on charges which were dismissed in exchange

for his plea (a remedy which, at the time, Mr. Smith did not request), the appropriate remedy was to vacate his *sentence*, and impose a sentence which was correct. The court did exactly that, and Mr. Smith never took an appeal.

In short, Mr. Smith has already obtained, via the granting of his § 2255 motion, all the relief to which he is entitled, and he has forfeited the opportunity to argue otherwise now, by failing to appeal, in 1993, the relief afforded him when his motion was granted. Moreover, the incorrect sentence Smith originally received is not an error that was so fundamental that it invalidates his conviction. Accordingly, Mr. Smith's petition seeking a writ of error *coram nobis* (DE # 60) is **DENIED**. The clerk is directed to terminate, as moot, Smith's remaining filings (DE # 70, # 71, #78, #79, # 80, #81 and # 84).

**SO ORDERED.**

Date: September 21, 2010

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT